UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN AIKENS,

      Plaintiff,                         Case No. 5:23-cv-12435

                                         District Judge Judith E. Levy

v.                                  Magistrate Judge Kimberly G. Altman

LASHLEY, NOAH NAGY, and
HEIDI E. WASHINGTON,

      Defendants.

_____/

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION
AND A TEMPORARY RESTRAINING ORDER (ECF No. 3)**[1]

I.      Introduction

This is a prisoner civil rights case.  Plaintiff Allen Aikens (Aikens),

proceeding *pro se* and *in forma pauperis*, has sued Michigan Department of

Corrections (MDOC) Officer Lashley (Lashley), Warden Noah Nagy of the G.

Robert Cotton Correctional Facility (JCF), and MDOC Director Heidi Washington.

(ECF No. 1). He asserts § 1983 and § 1985 claims for constitutional violations

based on an alleged sexual assault by Lashley.  Under 28 U.S.C. § 636(b)(1), all

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate
for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR
7.1(f)(1).

pretrial matters have been referred to the undersigned.  (ECF No. 12).

Before the Court is Aikens' motion for a preliminary injunction.  (ECF No. 3).  He seeks to have Lashley referred for criminal prosecution.  (*Id.*, PageID.16).  For the reasons set forth below, the undersigned RECOMMENDS that the motion be DENIED.[2]

## II.     Legal Standard

Under Federal Rule of Civil Procedure 65(a)(1), "[t]he court may issue a preliminary injunction *only on notice to the adverse party*." (emphasis added).  A preliminary injunction cannot be issued before the defendants are served.  *See Trevino v. Horizon Bankcorp, Inc.*, 2015 WL 12591758, at *1 (W.D. Mich. Dec. 17, 2015) ("Because Horizon Bank had not yet been served with the complaint and the motion, this Court could not have granted Trevino's motion for a preliminary injunction prior to the auction.").

In considering a motion for a preliminary injunction, the Court must weigh the following factors: (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a preliminary injunction, (3) whether granting the preliminary injunction would

---

[2] Motions for preliminary injunctions are dispositive, and thus undersigned must proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  *See Cook v. St. John Hosp. & Med. Ctr.*, No. 10-10016, 2010 WL 4137524, at *1 n.1 (E.D. Mich. Aug. 3, 2010), *report and recommendation adopted*, 2010 WL 4341192 (E.D. Mich. Oct. 27, 2010).

cause substantial harm to others, and (4) whether the public interest would be served by granting the preliminary injunction. *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005). According to the Sixth Circuit, these "are factors to be balanced, not prerequisites that must be met." *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985).

### III.    Application

The U.S. Marshal Service (USMS) received and mailed service documents to defendants on March 8, 2024. (ECF No. 13). To date, there is no indication that defendants have been served, and none have appeared. Moreover, the docket does not reflect that Aikens gave defendants notice of his request for a preliminary injunction. *See* ECF No. 3, PageID.16 (certificate of service to the courthouse).

Because Aikens did not provide notice to defendants as required under Rule 65, the extraordinary relief of a preliminary injunction is unwarranted. *See Simmons v. City of Southfield*, No. 19-11726, 2020 WL 1868774, at *6 (E.D. Mich. Jan. 27, 2020), *report and recommendation adopted*, 2020 WL 1866096 (E.D. Mich. Apr. 14, 2020) (finding that a plaintiff's "motions [for a preliminary injunction and a temporary restraining order] are improper because she did not certify attempts at service or explain why notice of the motion should be dispensed with.").

Furthermore, considering the factors the Court must weigh on a preliminary

3

injunction motion, Aikens has not shown that one would be warranted on the merits. "A showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction. Without such a showing, the Court cannot issue a preliminary injunction." *Mount Clemens Inv. Grp. V. Borman's Inc.*, No. 10-12679, 2010 WL 3998095, at *4 (E.D. Mich. Oct. 12, 2010) (cleaned up). Aikens cannot show probable irreparable harm because he is no longer housed at JCF. *See* ECF No. 1 (indicating that Aikens is currently incarcerated at the Carson City Correctional Facility).

## IV.    Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Aikens' motion for a preliminary injunction, (ECF No. 3), be DENIED.

Dated: March 22, 2024                           s/Kimberly G. Altman
Detroit, Michigan                               KIMBERLY G. ALTMAN
                                                United States Magistrate Judge


## <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 22, 2024.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager