UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN AIKENS,

Plaintiff,

v.

Case No. 5:23-cv-12435
District Judge Judith E. Levy
Magistrate Judge Kimberly G. Altman

AARON LASHLEY, NOAH NAGY, and HEIDI E. WASHINGTON,

Defendants.
_________________________________/

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT ON THE BASIS OF EXHAUSTION (ECF No. 19)**[1]

I. Introduction

This is a prisoner civil rights case. Plaintiff Allen Aikens[2] (Aikens), proceeding *pro se* and *in forma pauperis*, has sued Michigan Department of Corrections (MDOC) Officer Aaron Lashley (Lashley), Warden Noah Nagy of the

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

[2] Aikens' inmate number matches an inmate named "Allen Atkins" with a known alias of "Allen Aikens," *see* the Michigan Department of Corrections' Offender Tracking Information system, https://mdocweb.state.mi.us/otis2/otis2.aspx, and defendants refer to the plaintiff as Allen Atkins. Regardless, the Court will use Aikens throughout as this is the name he uses in his complaint.

G. Robert Cotton Correctional Facility (JCF), and MDOC Director Heidi Washington. (ECF No. 1). He asserts § 1983 and § 1985 claims for constitutional violations based on an alleged sexual assault by Lashley. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 12).

Before the Court is defendants' motion to dismiss for failure to state a claim and motion for summary judgment on the basis of exhaustion. (ECF No. 19). As will be explained, Aikens has not responded to the motion and the time for doing so has passed. For the reasons set forth below, the undersigned RECOMMENDS that defendants' motion to dismiss for failure to state a claim be GRANTED and the entire case be DISMISSED.

## II. Background

### A. Allegations

When considering a motion to dismiss, the undersigned must accept the factual allegations of the complaint as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

Aikens was housed at JCF at all relevant times. He alleges that he was transferred to a segregation cell at JCF on January 18, 2023, and the next morning he was taken to a "strip search room" by Lashley. (ECF No. 1, PageID.3). There, Aikens was stripped naked and informed that he would be subjected to an "anal

cavity search." (*Id.*). Aikens initially refused the search but was threatened with a misconduct ticket and placement in administrative segregation if he did not comply. (*Id.*). Lashley told Aikens that Nagy and Washington ordered the officers to conduct anal cavity searches to stop drug and contraband smuggling. (*Id.*). Lashley then conducted the search, and afterward refused to let Aikens speak to the shift commander, Nagy, or Washington. (*Id.*).

Aikens says that after his transfer, he mailed a Prison Rape Elimination Act (PREA) grievance to the JCF PREA coordinators but never received a response. (*Id.*). Aikens claims that the anal cavity search constituted inhumane treatment, excessive force, and cruel and unusual punishment in violation of his Eighth Amendment rights. (*Id.*, PageID.4).

B. Sworn Declaration

Aikens attached to the complaint a sworn declaration regarding his attempts to exhaust administrative remedies prior to filing suit. (*Id.*, PageID.6). In it, he says that he called the MDOC PREA hotline on August 10, 2023, and made a verbal PREA grievance against Lashley for sexually assaulting him during a strip search. (*Id.*). He says that the PREA investigators never responded to his oral grievance. (*Id.*). In addition, Aikens says he mailed a Step I PREA grievance to JCF on January 20, 2023, and never received a response. (*Id.*).

## III. Legal Standards

### A. Motion to Dismiss

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520

(1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . . [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dep't*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

B. Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2)

(providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Aikens is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). Additionally, "once a case has progressed to the summary judgment stage, as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

### C. Aikens' Failure to Respond

On May 10, 2024, defendants filed their motion. Aikens was directed to file a response to the motion by June 11, 2024. (ECF No. 20). On June 26, 2024, the undersigned entered a second order directing Aikens to file a response to the motion by July 19, 2024. (ECF No. 22). The extension of time was prompted by the Court's search of the Offender Tracking System which found that Aikens was

housed at a new facility. In addition to giving Aikens more time to respond, the undersigned directed the Clerk to update his address, and mailed him a copy of defendants' motion and exhibits. (*Id.*). Finally, the undersigned reminded Aikens that he is responsible for updating the Court with his address and cautioned him that a failure to respond to the motion may result in recommendation that his case be dismissed. (*Id.*). Nevertheless, Aikens did not file a response.

The law in this Circuit is not clear on whether the failure to respond to a motion to dismiss constitutes a sufficient ground for granting the motion. In *Carver v. Bunch*, 946 F.2d 451, 453-54 (6th Cir. 1991), the Sixth Circuit held that it is an abuse of discretion for a district court to dismiss under Fed. R. Civ. P. 12(b)(6) solely because the plaintiff failed to respond to a motion to dismiss unless the failure rises to the level of a failure to prosecute. The Sixth Circuit has also held that a failure to respond to a motion to dismiss constitutes grounds for granting the motion. *See Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision) (affirming district court's grant of the defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); *Humphrey v. United States AG Office*, 279 F. App'x 328, 331 (6th Cir. 2008).

As to a motion for summary judgment, the Sixth Circuit has said that

"[e]ven when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 380-381 (6th Cir. 2011) ("[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." (quoting *Carver v. Bunch*, 946 F.2d 451, 454-455 (6th Cir. 1991))). That said, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). "The court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact." *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421 (6th Cir. 2000) (table).

In light of the above, the undersigned will consider the merits of the motion on both grounds even in the absence of a response.

## IV. Discussion

Defendants argue that Aikens has failed to state a claim because the alleged

search conducted by Lashley under the policies of Nagy and Washington served a legitimate penological objective. They also argue that Aikens failed to file a grievance regarding his allegations, requiring dismissal under the Prison Litigation Reform Act (PLRA). These arguments will be addressed in turn below.

A. Failure to State a Claim

Defendants say that taking the allegations as true, the cavity search that Lashley performed on Aikens does not rise to the level of an Eighth Amendment violation.[3]

"[T]he Eighth Amendment ... forbids the 'unnecessary and wanton infliction of pain ' that constitutes 'cruel and unusual punishment,' and specifically conduct that is malicious and sadistic." *Coley v. Lucas County, Ohio*, 799 F.3d 530, 537 (6th Cir. 2015) (quoting *Hudson v. McMillian*, 503 U.S. 1, 5, 7 (1992)). But "[c]orrections officers do not violate a prisoner's Eighth Amendment rights when they apply force in a good-faith effort to maintain or restore discipline." *Roberson v. Torres*, 770 F.3d 398, 406 (6th Cir. 2014) (quotations omitted).

Defendants argue that " 'detect[ing] and deter[ing] the possession of contraband' is a legitimate penological objective." *Stoudemire v. Mich. Dep't of*

---

[3] Defendants also argue, briefly, that Aikens has failed to allege facts that would establish a Fourth Amendment claim if proven. However, Aikens has not asked the Court to consider a Fourth Amendment claim. (ECF No. 1, PageID.4). The undersigned has therefore only considered the arguments against Aikens' Eighth Amendment claim.

*Corr.*, 705 F.3d 560, 573 (6th Cir. 2013) (quoting *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 328 (2012)). Further, they cite *Nali v. Michigan Dep't of Corr.*, No. CV 06-10205, 2008 WL 11489026, at *7 (E.D. Mich. Feb. 27, 2008), *report and recommendation adopted*, 2008 WL 11489005 (E.D. Mich. Mar. 28, 2008), where allegations of the same type of search were found to not state an Eighth Amendment claim. Notably, both in *Nali* and here, the plaintiffs alleged that the searches were performed in accordance with MDOC policy and that "there was no physical injury . . . no pre-search animus by [defendant], no prior incidents between [plaintiff and defendant] . . . and no other factors which would indicate that either the objective or subjective prong of an Eighth Amendment claim could be met." *Id.* The only distinguishing factor between *Nali* and Aikens' claim is that Aikens alleged "excessive force," but this is a purely "conclusory statement" that "do[es] not suffice" to state a claim in the absence of more specific allegations. *Iqbal*, 556 U.S. at 678.

Tellingly, Aikens appears to be the plaintiff in a Western District of Michigan case where the same claim against a different officer was recently dismissed on screening for failure to state a claim. *See ALLEN ATKINS, Plaintiff, v. J. BLOCK et al., Defendants. Additional Party Names: Heidi E. Washington, Randee F. Rewerts*, No. 1:23-CV-1014, 2024 WL 3755192, at *3 (W.D. Mich. Aug. 12, 2024). There, the court stated,

> Plaintiff alleges that Defendant Block performed a cavity search by inserting his fingers in Plaintiff's anus after he was transferred from IBC to DRF. Undoubtedly, each prison institution "must be able to take steps to maintain security and order at the institution and make certain no weapons or illicit drugs reach detainees," *Bell v. Wolfish*, 441 U.S. 520, 540 (1979), which includes the ability to perform otherwise invasive searches of prisoners, *Florence*, 566 U.S. at 328. Here, the facts alleged do not allow this Court to infer that the alleged search was a "punishment," let alone that it was performed "maliciously and sadistically for the very purpose of causing harm." *Hudson*, 503 U.S. at 6. As noted above, Defendant Block informed Plaintiff that Defendants Rewerts and Washington had directed such a practice for incoming prisoners in order to ensure that contraband did not enter the prison. Plaintiff does not allege that he suffered any injury as a result of the search. Nor does Plaintiff allege facts showing that Defendant Block was unnecessarily rough or brutal in performing the search. Therefore, Plaintiff's Eighth Amendment claims will be dismissed for failure to state a claim.

*Id.*

The same is true here. Lashley is alleged to have performed a standard cavity search in accordance with a legitimate MDOC policy. Aikens has therefore failed to state a claim against Lashley. And as there is no underlying constitutional violation, Aikens' claims against Nagy and Washington also fail. Therefore, Aikens' claims against all three defendants should be dismissed.

## B. Exhaustion of Administrative Remedies

### 1. Standard

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies prior to filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93

(2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (emphasis in original) (internal quotation marks and citations omitted). Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. at 218.

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). But a prisoner countering a motion alleging failure to exhaust "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), *report and recommendation adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015). Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

The Michigan Department of Corrections (MDOC) has established a three-step process to review and resolve prisoner grievances. "Under the [Michigan] Department of Corrections' procedural rules, inmates must include the '[d]ates, times, places and names of all those involved in the issue being grieved' in their initial grievance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010). As noted by the Court in *Woodford*, one of the purposes of requiring proper exhaustion is to "provide[ ] prisons with a fair opportunity to correct their own errors." *Woodford*, 548 U.S. at 94. To be sufficient, a grievance need not "allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003) *abrogated with respect to other principles by Jones v. Bock*, 549 U.S. 199 (2007). Nonetheless, the grievance must give "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Id.*

Under MDOC PD 03.02.130, prisoners must provide the following information at Step I of the grievance process: "The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC PD 03.02.130 ¶ S (underscoring omitted).

"The grievance process is exhausted once the final response is issued in Step III." *Parker v. Turner*, No. 20-12794, 2022 WL 1787037, at *2 (E.D. Mich. June 1, 2022).

2. Application

Defendants argue that Aikens did not exhaust his administrative remedies because he did not file and complete the appropriate grievances about the alleged misconduct before bringing suit. To that end, defendants have attached Aikens' "Step III Grievance Report" to their motion, which purports to show that Aikens did not properly exhaust a grievance about Lashley after the incident. (ECF No. 19-3). They have also attached a statement from an MDOC Litigation Specialist, who attests that Aikens made multiple PREA complaints, all between between January and June 2023, but none of the complaints involved Lashley. (ECF No. 19-4).

Defendants' documentary evidence does not establish that there is no genuine issue of fact on the exhaustion defense. Regarding Step III grievances, two were received at the Macomb Correctional Facility (MRF) on January 24, 2023. (ECF No. 19-3, PageID.96). This indicates that they were filed at that facility, but does not show that they did not involve Lashley's alleged conduct. In fact, Aikens has attached a grievance form to the complaint with the MRF institution code specifically grieving Lashley's alleged conduct at JCF. (ECF No.

1, PageID.7). Further, while the grievances are marked "Rejected" rather than "Denied," the grievances themselves are not attached for the undersigned to determine whether the rejections were valid.

As to the PREA complaints, Aikens stated in his sworn declaration that he attempted to make verbal and written PREA grievances but received no response to either. (ECF No. 1, PageID.6). The result is a genuine issue of material fact about whether Aikens filed a grievance on the alleged incident and whether the grievance process was available to him. In other words, defendants have not carried their summary judgment burden on exhaustion.

However, as explained above, Aikens' claims should be dismissed for failure to state a claim. Thus, the conclusion regarding exhaustion does not affect the recommendation that defendants' motion be granted for failure to state a claim.

## V. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that defendants' motion to dismiss based on failure to state a claim, (ECF No. 19), be GRANTED and the case be DISMISSED.

Dated: August 29, 2024
Detroit, Michigan

s/Kimberly G. Altman
KIMBERLY G. ALTMAN
United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and

Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 29, 2024.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager